# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00386-COA

**THOMAS ALLEN CHATMAN A/K/A THOMAS**        **APPELLANT**
**A. CHATMAN A/K/A THOMAS CHATMAN**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

DATE OF JUDGMENT:    04/05/2022
TRIAL JUDGE:    HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:    FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    OFFICE OF STATE PUBLIC DEFENDER
    BY: ZAKIA BUTLER CHAMBERLAIN
ATTORNEY FOR APPELLEE:    OFFICE OF THE ATTORNEY GENERAL
    BY: BARBARA WAKELAND BYRD
DISTRICT ATTORNEY:    PATRICIA A. THOMAS BURCHELL
NATURE OF THE CASE:    CRIMINAL - FELONY
DISPOSITION:    AFFIRMED - 08/15/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. A defendant was found guilty of two counts of the sexual battery of a ten-year-old. Finding the evidence was sufficient to support the conviction, we affirm.

## BACKGROUND

¶2. Kevin was ten years old and lived with his father, grandmother, and sister.[1] His father was chronically ill, and at some point, caring for Kevin's father became too much for his grandmother to handle on her own. So Kevin's father invited a friend, Thomas Chatman, to

---

[1] This is a pseudonym, as we do not identify victims of sexual assault.

live with and help care for him.

¶3.   Chatman was not allowed to sleep in the house.  He was instead given access to a shed on the back of the property.  He was allowed to enter the home to use the bathroom, cook, and shower.

¶4.   But Chatman's stay was not without controversy.  During his time there, Kevin's grandmother discovered Chatman "had blown up balloons or gloves to teach Kevin how to suck a penis."  After this bizarre encounter with the ten-year-old, Kevin's grandmother demanded Chatman leave the home.  But because the father's health continued to decline, he was later asked to come back.  Chatman returned and cared for Kevin's father until his death.

¶5.   After the father died, the grandmother overheard Kevin and his sister arguing.  During the argument, Kevin's sister referenced an incident of sexual abuse involving Chatman.  Kevin's grandmother took the child to the police department to report the incident.  After an investigation, Chatman was arrested and ultimately indicted for two counts of sexual battery.

## PROCEDURAL HISTORY

¶6.   At trial, the jury first heard from Kevin's grandmother.  She testified that she heard Kevin and his sister having an argument.  During that argument, she heard the sister say to Kevin, "I'm gonna tell grannie that you had Thomas stick his penis in you."  She further testified that when she asked Kevin if that was true, he replied, "[Y]es, ma'am."  She also told the jury that Kevin stated he did not tell her because "Thomas told me he was gonna

finish killing my daddy and kill you, if I tell you." Per her testimony, the grandmother called the police after learning of the incident.

¶7.     Kevin also testified. He stated that although Chatman was made to live outside in a shed, he was allowed to come inside the house to help care for his dad. He said the defendant would sometimes sleep on the floor in his dad's room. He stated that on the night of the incident, Chatman was on the floor in his dad's room.

¶8.     Kevin testified he got up that night to go to the bathroom. He said just as he was about to leave the bathroom, Chatman walked in, closed the door, and locked it. Kevin testified the defendant then put his hand over his mouth so that he could not yell and told him to "bend over." He told the jury Chatman pulled his penis out of his pants, and then "he stuck it between my buttcheeks[.]"

¶9.     The jury also heard the following exchange between Kevin and the State:

Q. . . . Did that – did his penis or thingy go inside of you?

A. Yes.

Q. Did it hurt?

A. Yes.

. . . .

Q. What else happened after that? Were you allowed to leave the bathroom, or did more things happen?

A. He stuffed his –

Q. I know its tough to say. And if you need to take a second, you can do that.

3

A. Well, after he did that, he zipped his pants back up. Then unbuckled his belt. Then pulled his underwear and his pants down, and then he made me suck his penis. And then he told me to pull down my pants, and then he sucked my penis. And then after that, he told me if I told my mom or my dad, he was gonna kill my dad.

¶10. When asked if there was "anything that happened to you afterwards with your booty that hurt," Kevin testified, "I was bleeding."

¶11. Chatman took the stand in his own defense. Throughout his testimony, he maintained he never had any inappropriate contact with Kevin.

¶12. The jury convicted Chatman of two counts of sexual battery. He was sentenced to serve forty years for his conviction of Count I and thirty years for Count II. The court ordered the sentence for Count II to run consecutively to the sentence for Count I.

¶13. Chatman appealed, and the case was assigned to us for review.

## DISCUSSION

**There was sufficient evidence to support a conviction of sexual battery.**

¶14. Chatman's sole assignment of error is that there was insufficient evidence to support his conviction beyond a reasonable doubt. Specifically, he argues "the State did not establish, beyond a reasonable doubt, that Chatman penetrated" the child.

¶15. "The standard of review for a trial court's ruling on the legal sufficiency of the evidence is de novo." *Carpenter v. State*, 311 So. 3d 1268, 1275 (¶26) (Miss. Ct. App. 2021). "In considering whether the evidence is legally sufficient to sustain a conviction, the critical inquiry is whether the evidence shows beyond a reasonable doubt that the accused

4

committed the act charged, and that he did so under such circumstances that every element of the offense existed." *Id*. (internal quotation marks omitted). "When we address a challenge to the sufficiency of the evidence, all credible evidence of guilt must be taken as true, and the State is entitled to all reasonable inferences that may be drawn therefrom." *Id*.

¶16. Precedent establishes what level of proof is required in a case of this type. "Proof of penetration is not necessary if there is evidence that the private parts of the child younger than sixteen have been lacerated or torn." *Bishop v. State*, 282 So. 3d 633, 639 (¶24) (Miss. Ct. App. 2019). "Absent such evidence, proof of penetration is required." *Id*. "Actual medical evidence of penetration, however, is not necessary," and penetration "need not be proved in any particular form of words . . . ." *Id*. at 640 (¶24). "Sufficient evidence may include medical testimony or testimony by the victim." *Id*. "Thus, circumstantial evidence may suffice so long as penetration is established beyond a reasonable doubt." *Id*.

¶17. Chatman argues the testimony given at trial merely "suggested penetration" but lacked the specificity required to sustain a conviction. However, the jury heard Kevin answer in the affirmative when asked if Chatman's "penis or thingy" went inside him. The victim told the jury it hurt when it happened and that he was later bleeding from his rear end. Under our standard of review, where all credible evidence of guilt must be taken as true and all reasonable inferences in favor of the prosecution allowed, a rational jury could have found beyond a reasonable doubt that the pain and bleeding Kevin experienced were the result of penetration.

5

¶18. Chatman next argues there was no medical exam or other evidence that verified Kevin suffered from rectal bleeding. He also argues there was "no evidence, medical or otherwise, established that [Kevin's] purported bleeding resulted from the alleged penetration[.]" He argues that even if Kevin did in fact experience rectal bleeding, there are many possible causes that are unrelated to sex.

¶19. First, our precedent holds that "actual medical evidence of penetration . . . is not required." *Id*. at 639-40 (¶24). Also, any question regarding the cause of Kevin's rectal bleeding was for the jury to decide, as "it is the jury's responsibility as fact-finder to resolve conflicting testimony and evaluate the credibility of witnesses." *Vinzant v. State*, 99 So. 3d 767, 774 (¶25) (Miss. Ct. App. 2012). As set out above, the jury heard Kevin's testimony that Chatman put his penis inside him and that later he was bleeding from his rear end. There was sufficient proof to convict Chatman of the two counts of sexual battery.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**